UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DAVID R. MOCKLER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MARITIMES & NORTHEAST )<br>PIPELINE, L.L.C., )<br>)<br>Defendant ) | Civil No. 06-8-P-H |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

This action, filed by David Mockler in a Maine Superior Court, was removed to this Court by the defendant, Maritimes & Northeast Pipeline, L.L.C. This is the second time these parties have been before this court disputing their interest in 1.43 acres of land in Lisbon, Maine. The disagreement stems from a September 28, 1998, easement that Mockler granted to Maritimes but which, Mockler contends, crosses his property in a location he did not contemplate. Mockler's current complaint claims that this Court ruled on the question of eminent domain but would not rule on Mockler's counter claims. By filing in the Maine Superior Court he hoped that the Maine court would grant him a jury trial and resolve the financial settlement. Maritimes has moved to dismiss the complaint (Docket No. 8) arguing that Mockler is seeking to relitigate the earlier dispute which was finally adjudicated and, in the alternative, his claim is time-barred. I recommend that the Court grant Maritimes' motion for the following reasons.

*Discussion*

"Upon considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court should not grant the motion unless it appears to a

certainty that the plaintiff would be unable to recover under any set of facts." Roma Const. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996) (citing Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 746 (1976) and González- Bernal v. United States, 907 F.2d 246, 248 (1st Cir.1990)).

As Maritimes's motion succinctly sets forth:

> Federal law determines whether an earlier judgment, rendered in a federal court, bars the maintenance of a subsequent federal court action. Massachusetts School of Law at Andover, Inc. v. American Bar Assoc'n, 142 F.3d 26, 37 (1st Cir. 1988). "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). A claim will be precluded by res judicata if the following elements are demonstrated: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." González v. Banco Central Corp., 27 F.3d 751, 755 (1st Cir. 1994); Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1165 (1st Cir. 1991).

(Mot. Dismiss at 13)(footnote omitted).

In the prior action this Court made the following findings of facts and conclusions of law after the December 9, 1999, bench trial in Maritimes's declaratory relief action against Mockler:

FINDINGS OF FACT
1.	Maritimes and Northeast Pipeline, L.L.C. ("Maritimes) has been engaged in acquiring easements for gas pipelines through a process of eminent domain and contractual negotiations.
2.	In obtaining the appropriate certification from the Federal Energy Regulatory Commission ("FERC"), Maritimes has had to make various filings.
3.	The location of the pipeline has changed as a result of the consequences of environmental impact statements and the attempts to accommodate landowners' preferences.
4.	With respect to the land owned by David Mockler, no route changes have occurred since July 31, 1998, when FERC granted a certificate of public convenience and necessity.

> 5.    Negotiations between Maritimes and Mockler did not begin until the fall of 1998.
> 6.    On September 28, 1998, Mockler voluntarily signed a grant of easement giving an easement to Maritimes to build the pipeline over his property.
> 7.    The written grant of easement contained both a written description of the location of the right-of-way and a diagram.
> 8.    The written description and the diagram reflect the location of the right-of-way approved by FERC in July 1998.
> 9.    Mockler claims that he believed the pipeline would cross his property at a different, less disruptive, location because of the location of earlier surveying stakes.  He also claims that he neither read the easement grant before signing it nor looked at the attached diagram showing the actual location.
> 10.    Mockler has presented no evidence of any misrepresentation by Maritimes of any of its employees.  The best that can be said for Mockler's case is that he assumed the location of the earlier survey markers would be the location of the easement and declined to read either the easement he signed or the attached diagram.
> 11.    Maritimes paid Mockler $11,000 for his easement and $1,000 for any damage caused by the construction of the pipeline, a sum within the range of value estimated by the appraiser.
>
> CONCLUSIONS OF LAW
>
> 1.    In the absence of fraud or misrepresentation, the grant of easement voluntarily entered into by David Mockler and for which he received payment, remains in effect.
> 2.    Mockler has failed to prove fraud or misrepresentation.  See Kuperman v. Eiras, 586 A.2d 1260 (Me. 1991); Mileski v. Dorey, 559 A.2d 339, 339-40 (Me. 1989),
> 3.    Therefore, Maritimes owns an enforceable easement over Mockler's property as described in the grant of easement.
> 4.    Accordingly, the Clerk shall enter declaratory judgment in the plaintiff's favor on Count I.

(Findings of Fact & Conclusion of Law at 1-3, Civ. No. 99-236-P-H, Docket No. 27.)

Mockler unsuccessfully appealed this decision to the First Circuit Court of Appeal and was also rebuffed by the United States Supreme Court.

In his response to the motion to dismiss, Mockler writes:

> Judge Hornby,
>     I asked for a trial by jury in Maine Superior Court to resolve the many unanswered questions that were not resolved in Federal Court.

> I protest the transfer from Maine Court to Federal Court. In Maine Court and a trial by jury I might have had a chance.
> I also protest the motion to dismiss by Maritimes.

(Resp. Mot. Dismiss at 1.) This response is tantamount to a concession by Mockler that he filed the Maine action in the hopes of litigating claims that he raised in the prior action but that were not adjudicated to his satisfaction. Accordingly, the three prongs of González v. Banco Central Corp. not being in dispute, Maritimes is entitled to dismissal of the complaint on the grounds that this Court cannot grant Mockler relief on his claim in view of the doctrine of res judicata.[1] I am confident that even if this case had remained in the Maine Superior Court that Court would have reached a similar conclusion in ruling on Maritimes's motion.

## *Conclusion*

For the reasons given herein, I recommend that the Court **GRANT** the motion to dismiss (Docket No. 8).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated: June 1, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] It is unnecessary to discuss the apparently meritorious argument by Maritime that this action is also barred by the applicable statute of limitation.